Opinion delivered by
Walker, J.
The single exception to the confirmation of this report is filed by Samuel Heffner, a judgment creditor of the deceased, and is as to the allowance by the auditor of the claim of Mrs. Mary Gaynor, out of the fund in court, due upon a mortgage given by Charles Fraley, in his lifetime, to Eli Hammer, and subsequently assigned to Mary Gaynor.
The mortgage in question is dated 1 April, 1844, and is for $400, which, by sundry payments, has been reduced to $244.75. It is upon certain real estate of the decedent in Orwigsburg, and the first lien upon the land. The property was sold by order of the Orphans’ Court on 30 May, 1873, at, public sale, for the payment of debts, and struck off to Samuel A. Garrett for $325. The amount of Mrs. Gaynor’s claim is not disputed, and is embraced in the schedule of debts, for the payment of which the land was sold.
The auditor finds that at the time of the sale the administrator, John W. Bickel, Esq., publicly announced the fact that the property would be sold, free of all incumbrances, and the bids were made accordingly. Mrs. Gaynor was not present at the announcement, but she appeared before the auditor and asked for her claim out of the proceeds in court, and signed by her agent the notice of the filing of the report.
The exception is that the auditor erred in allowing the claim of Mrs. Gaynor out of the proceeds in court.
*12 Samuel Heffner is a judgment creditor, and as the fund in court will not reach his claim, he contends that Mrs. Gaynor must look to the land—not to the proceeds of sale for the payment of her mortgage.

This is the only question.

The third section of the Act of the 23d March, 1867 (P. L. 44), is as follows :—
“ When the lien of a mortgage upon real estate is or shall be prior to all other liens upon the same property (except other mortgages, ground-rents, purchase-money due to the Commonwealth, taxes, charges, assessments, municipal claims, whose lien though afterwards accruing has by law priority * given it), the lien of such mortgage shall not be destroyed, or in any way affected, by any judicial, or other sale whatsoever, whether such sale be made by virtue or authority of any order or decree of any Orphans’ or other Court, or of any writ of execution or otherwise, however.
“ Provided, that this section shall not apply to cases of mortgages upon unseated lands or sale of the same for taxes.”
And by the Act 10 March, 1870, P. L. 37, this 3d section is repealed so far as it relates to Orphans’ Court sales, and by the Act 28 June, 1871 (Pamphlet Law, p. 1379), this last Act of 10 March, 1870, is repealed so far as it relates to the counties of Berks and Schuylkill.
This leaves the provisions of the Act of 1867 in force in this county, and the sale would not discharge the mortgage, unless by agreement of all parties interested in the mortgage.
No action or agreement of the administrator or the bidders at the sale could effect Mrs. Gaynor without her consent, for she is the party in interest. Mode’s Appeals, 6 W. & S. 280; Loomis’ Appeal, 10 Harris, 312; Crooks v. Douglass, 6 P. F. S. 51; 7 Watts, 316.
The auditor finds that the land was sold free of this mortgage, and that this was acquiesced in by Mrs. Gaynor, to whom the auditor awarded the money, and if this be so the law will enforce the agreement of the parties to the contract. Shryock v. Jones, 10 Harris, 303; Ziegler’s Appeal, 11 C. 173; Stackpole v. Glassford, 16 S. & R. 167.
In Tower’s Appropriation, 9 W. & S. 103, it is held that land may be sold subject to a mortgage, although it be not the first *13 incumbrance, if it be so understood and agreed to by the purchaser at the time of the sale.
In Schultz v. Diehl, 2 Pa. Rep. 277, the sheriff’s sale was understood by all the parties to be clear of all liens, even a first mortgage (the Act of 6 April, 1830, not being then known to be passed), it was held to discharge the mortgage, and it was paid out of the proceeds.
Judge Houston says it was so ruled “because all the parties to the transaction can modify the terms as they please, provided they do not contravene express written law or public policy, and where all understand the contract in the same way I know of no case in which a party is subject to any conditions or liable to any burden not contemplated by any one. If the bargain is binding at all, it binds as it is made and understood, and this principle is as plain and as obligatory upon the court as any other.”
The law is well settled that the parties can contract for a rule as between themselves different from a mere result in law. Ashmead v. McCarthur, 17 P. F. S. 326.
In addition to this the petition shows that the real estate was sold to pay this very mortgage.
*A purchaser by examining this record would conclude that the proceeds of the sale would go to the payment of the balance of this lien, and if we were to hold now, that he purchased subject to the lien, after what had been said and agreed upon at the sale, it would be a fraud upon him, which this Court would not tolerate. Neither do we see how the exceptant is effected by the agreement to sell the land free from lien of the mortgage, for the evidence shows that the property brought the amount due upon the mortgage, more than it would otherwise have done. There is no pretence that it would bring a higher price upon a second sale. We are of the opinion, therefore, that Mrs. Gaynor is entitled to the proceeds in court, and that the land was sold free from the mortgage.
Exception overruled and report of the auditor confirmed.